

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA

v.                                    Criminal No. 3:07CR208

REDMOND MAURICE FRAIERSON, aka
REMOND MAURICE FRAIERSON

**MEMORANDUM OPINION**

Redmond Fraierson, a federal inmate proceeding pro se, filed this 28 U.S.C. § 2255 motion.

**I. PROCEDURAL HISTORY**

On February 15, 2007, officers of the Richmond Police Department executed a search warrant at Fraierson's home. After being advised of his Miranda[1] rights, Fraierson informed officers that he had sold approximately one half of a gram of cocaine per day for approximately one month. He also admitted that he had smoked marijuana daily for approximately one year. A subsequent search of the apartment revealed .546 grams of cocaine base, drug paraphernalia, and two pistols. Officers also recovered a small bag of marijuana from Fraierson's pocket.

On May 22, 2007, a grand jury charged Fraierson with one count of possession with intent to distribute cocaine base ("Count One"), one count of possession of a firearm by an unlawful user of controlled substances ("Count Two"), and one count of possession of

---

[1] Miranda v. Arizona, 384 U.S. 436 (1966).

a firearm in furtherance of a drug trafficking crime ("Count Three"). On July 27, 2007, Fraierson pled guilty to Counts One and Three. On November 9, 2007, the Court sentenced Fraierson to a total active term of imprisonment of 117 months.

## II. FRAIERSON'S GROUNDS FOR § 2255 RELIEF

On November 10, 2008, the Court received Fraierson's 28 U.S.C. § 2255 motion. Fraierson raises the following claims:

Claim 1    Trial counsel rendered ineffective assistance by:

    a)    failing to interview or investigate government witnesses;
    b)    failing to interview or investigate defense witnesses to develop a theory of defense;
    c)    failing to allow defendant to testify in his own defense, creating a conflict of interest;
    d)    failing to file a motion for discovery;
    e)    failing to file a motion to suppress evidence;
    f)    failing to file a motion for 404(b) evidence; and,
    g)    failing to file a motion to dismiss the indictment.

The United States has filed a response, to which Fraierson has failed to reply. This matter is ripe for judgment.

## III. INEFFECTIVE ASSISTANCE OF COUNSEL

### A. Standard of Review

To demonstrate the ineffective assistance of counsel, a defendant must first show that counsel's representation was deficient and then that the deficient performance prejudiced the defense. Strickland v. Washington, 466 U.S. 668, 687 (1984). To satisfy the deficient performance prong of Strickland, the

2

defendant must overcome the "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" Burch v. Corcoran, 273 F.3d 577, 588 (4th Cir. 2001) (quoting Strickland, 466 U.S. at 689). The Supreme Court further has admonished that, "[t]o counteract the natural tendency to fault an unsuccessful defense, a court reviewing a claim of ineffective assistance must 'indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" Nix v. Whiteside, 475 U.S. 157, 165 (1986)(quoting Strickland, 466 U.S. at 689).

To satisfy the prejudice prong of Strickland, the defendant must "show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694. In the context of a guilty plea, the Supreme Court has modified this second prong of Strickland to require the defendant to "show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill v. Lockhart, 474 U.S. 52, 59 (1985).

Of course, in conducting the foregoing inquiry, the representations of the defendant, his lawyer, and the prosecutor during the plea proceedings, "as well as any findings made by the judge accepting the plea, constitute a formidable barrier in any

3

subsequent collateral proceedings." Blackledge v. Allison, 431 U.S. 63, 73-74 (1977). In light of the strong presumption of verity that attaches to a petitioner's declarations during his plea proceedings, "in the absence of extraordinary circumstances, allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always palpably incredible and patently frivolous or false." United States v. Lemaster, 403 F.3d 216, 221 (4th Cir. 2005)(internal citations and quotations omitted). Thus, the United States Court of Appeals for the Fourth Circuit has admonished that "in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." Id. at 221-22.

## B. Analysis

The Court notes at the outset of its analysis the skeletal nature of Fraierson's allegations. The bulk of Fraierson's "MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION PURSUANT TO TITLE 28 U.S.C. § 2255" is a generic recitation of the law governing his claims. Following the memorandum is a four-page affidavit, only two pages of which relate to any of the claims provided.

4

In Claims 1(a), 1(b), 1(d), and 1(f), Fraierson contends that counsel failed to conduct an adequate investigation and obtain discovery prior to advising Fraierson to plead guilty.[2] "[A]n allegation of inadequate investigation does not warrant habeas relief absent a proffer of what favorable evidence or testimony would have been produced." Beaver v. Thompson, 93 F.3d 1186, 1195 (4th Cir. 1996) (citing Bassette v. Thompson, 915 F.2d 932, 940-41 (4th Cir. 1990)). Because Fraierson makes no such proffer, he has failed to demonstrate deficiency or prejudice. Claims 1(a), 1(b), 1(d), and 1(f) will be DISMISSED.

In Claim 1(c), Fraierson claims that counsel prevented him from testifying in his own defense. Fraierson claims that he "told [counsel] that [he] wanted to testify on [his] own behalf to discredit the government witnesses at trial because the government d[id] not have any drug that [he] sold to a[n] informant or anyone else." (Mem. Supp. § 2255 Mot., Fraierson Aff. ¶ 8.) Fraierson fails to offer any compelling reason for allowing him to now recant his earlier sworn acknowledgment that the police recovered .546 grams of crack cocaine from his apartment and that he "possessed the 'crack' cocaine with the intent to distribute it." (Stmt. of Facts ¶¶ 8,9.) Moreover, Fraierson admitted that, had the charges gone to trial, the United States could have proved his intent to

---

[2] Tellingly, Fraierson does not allege that the prosecutor withheld any evidence.

distribute beyond a reasonable doubt. (Stmt. of Facts 3.) Fraierson's present contention that he would testify that he did not actually possess with intent to distribute crack cocaine is palpably incredible in light of his sworn representations to the contrary during his Rule 11 proceedings. Lemaster, 403 F.3d at 221. Accordingly, he has failed to show any basis for concluding that counsel rendered deficient performance by not challenging this element of the crime. Claim 1(c) will be DISMISSED.

In Claim 1(e), Fraierson argues that counsel rendered ineffective assistance by failing to file a motion to suppress. Fraierson argues, "I told my attorney to suppress the evidence [of drug sales to a government informant] under Federal Rule of [C]riminal [P]rocedure 12(b)(3)(c), because the government [did] not [have] any drugs that I sold to a[n] informant." (Mem. Supp. § 2255 Mot., Fraierson Aff. ¶ 5.) The Rule of Criminal Procedure Fraierson cites merely provides that any such motion to suppress must be made before trial. Fraierson does not provide any factual or legal basis for filing such a motion, and therefore fails to demonstrate either deficiency or prejudice. See Call v. Polk, 454 F. Supp. 2d 475, 499 (W.D.N.C. 2006) ("When a habeas petitioner claims that trial counsel was ineffective without explaining in what manner the performance was lacking, the reviewing court is not obliged to supply the grounds for relief."), aff'd sub nom. Call v.

Branker, 254 F. App'x 257 (4th Cir. 2007). Claim 1(e) will be DENIED.

In Claim 1(g), Fraierson argues that counsel failed to appreciate that Fraierson's indictment should have been dismissed pursuant to "the due process clause of the Fifth Amendment and the inherent [s]upervisory power of the court . . . base[d] on the evidence that the government had." (Mem. Supp. § 2255 Mot., Fraierson Aff. ¶ 10.) Once again Fraierson fails to offer any specific legal or factual bases for concluding that the evidence was insufficient to support an indictment, especially given the undisputed circumstances surrounding Fraierson's arrest. Because Fraierson has not demonstrated deficiency or prejudice, Claim 1(g) will be DISMISSED.

The 28 U.S.C. § 2255 Motion will be DENIED. The action will be DISMISSED.

## IV. CERTIFICATE OF APPEALABILITY

An appeal may not be taken from the final order in a § 2255 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(B). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v.

McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). No law or evidence suggests that Fraierson is entitled to further consideration in this matter. A certificate of appealability is therefore DENIED.

The Clerk is DIRECTED to send a copy of the Memorandum Opinion to Fraierson and counsel for the United States.

An appropriate Order shall issue.

/s/ REP
Robert E. Payne
Senior United States District Judge

Date: November 12, 2010
Richmond, Virginia

8